## YEE TOY GEY v. NAGLE, Commissioner of Immigration.

### No. 6142.

Circuit Court of Appeals, Ninth Circuit.

Nov. 24, 1930.

Sumner Hurd, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Francis J. Perry, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

Yee Toy Gey was denied admission to the United States by the immigration authorities, and her alleged father petitioned the district court for writ of habeas corpus. The application was denied, and the applicant takes this appeal. The question involved in the case is the identity of Yee Toy Gey, the alleged daughter of the applicant, with his daughter Yee Toy Gey, who returned with the appellant, his wife and other children, to China in 1919. At that time a certificate upon form No. 430 was issued by the immigration authorities. Attached to this certificate is a photograph of the appellant's child, Yee Toy Gey. The immigration authorities were satisfied from inspection of that photograph and from the personal appearance of appellant's alleged daughter produced before them that she was not the person for whom the certificate No. 430 had been issued. Evidence was also adduced before them concerning the lack of similarity between the applicant and the photograph attached to the aforementioned certificate issued in 1919 to Yee Toy Gey. Experts compared the photograph taken in 1919 of appellant's daughter and the photo-graph taken of the applicant now seeking admission, and from such comparison reached the conclusion that the photographs are those of different persons.

The action of the immigration authorities excluding the applicant is not only based upon this lack of similarity between the photograph of the five year old child taken in 1919 and the photograph taken of the applicant in 1929, but, in addition thereto, the applicant, her alleged father and two alleged brothers were examined at great length by the board of special inquiry. That board based its conclusion in large part upon discrepancies found in the testimony by such examination. The father testified before the immigration authorities in 1910 that he had had three wives. He now states he had only two wives. It was consequently found that his testimony was unworthy of credence. The applicant's brother and father testified that there was a navigable river within twenty-five feet of the front of the village. One of the alleged brothers testified that it was one of the tasks of the applicant to bring water from this river for household purposes, and that she did so as often as twice a day. The applicant testified that she had never seen the river, and had never carried water therefrom, although the banks of the river, according to the testimony of the brothers, were visible from the front door of their home. It is unnecessary, we think, to discuss further or additional discrepancies.

Order affirmed.